## Cunningham v. Cunningham

*Elmer D. Christine, Jr.,* for plaintiff.
*John P. Lawler,* for defendant.

WILLIAMS, *S.J.,* June 11, 1985—Plaintiff and defendant entered into a Separation Agreement in which they settled all economic issues and provided for distribution of their marital property. Plaintiff filed a complaint in divorce. Defendant filed a reply and counterclaim in which she asked the court to distribute the marital property equally between the parties, alleging violations of the separation agreement. Plaintiff has filed a complaint in equity seeking an order prohibiting defendant from pursuing her counterclaim for equal distribution of the marital property.

## FINDINGS OF FACT

The parties have stipulated the following facts:

1. Plaintiff admits that after the parties' separation he made personal calls to defendant at her place of employment in violation of their post-nuptial agreement and despite requests from defendant to refrain from doing so.

2. Plaintiff further admits that on at least one occasion he waited in the late evening hours outside defendant's place of employment until questioned about his presence and then left quickly. This action caused fear in defendant.

3. Plaintiff also admits following defendant around to ascertain her whereabouts and whether she was keeping company with any other males.

4. Plaintiff further admits that after defendant removed herself from the marital domicile, he burnt defendant's wedding dress, which was defendant's personal property, without the knowledge or consent of defendant.

5. Plaintiff further admits that in violation of his post-nuptial agreement he wrongfully withheld support payments to his child for a period of five weeks. Subsequently thereto, plaintiff did tender to defendant the five support payments which were at that time in arrears, and defendant did accept the five late payments.

6. All the actions complained of by defendant and admitted to by plaintiff occurred after the parties signed the post-nuptial agreement on August 17, 1982, and in violation of Paragraph 3.

7. The parties further stipulate that the court may consider the pre-trial depositions taken in this matter, those being of the parties and two witnesses, John Pope and Anthony C. Koval, and, of course may also consider all pleadings filed in this case.

8. Defendant confirms and admits, in accordance with her answer and counterclaim, all of the allegations set forth by plaintiff in his complaint in equity, specifically, Paragraphs 1 through 14 of plaintiff's complaint.

In addition to the stipulated facts, the court finds that the parties in their separation agreement, have agreed as follows:

1. That the contract provisions were intended to survive and to continue in force and effect if a Decree in Divorce was subsequently entered by the court.

2. That the terms of the contract should not be impaired by any subsequent divorce decree.

3. That the contract could only be modified or altered by mutual consent of the parties.

4. That the contract was intended to settle all economic rights of the parties as well as child support.

## DISCUSSION

In Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981), the Supreme Court held the following:

(a) A contract between husband and wife which settles all economic issues between the parties as well as child support is valid and legal.

(b) That such a contract continues in force and effect and does not merge in a degree of divorce, if the parties so intended.

(c) That the court may not modify or alter the contract provisions if the parties in the contract have agreed upon the method by which the contract may be modified or altered.

Plaintiff contends and we agree, that any remedy defendant may have for violation of the agreement is to seek specific performance of the agreement. We believe that the rulings in Brown v. Hall, supra, are dispositive of this case. That the parties intended that the agreement should survive a divorce decree, is clearly established by Paragraph 9 of the Agreement which reads as follows:

"9. This agreement shall not be considered to affect or bar the right of husband or wife to seek an absolute divorce on lawful grounds, if such grounds now exist or shall hereafter exist, or to such defense as may be available. It is agreed that this agreement shall not be impaired by any divorce decree which may be granted but shall continue in full force and effect and shall be incorporated in any decree of divorce."

Thus the parties have clearly expressed their mutual consent that the agreement shall not be impaired by any divorce decree and that it shall be incorporated in such decree.

Paragraph 13 of the agreement provides:

"13. This agreement may be modified or amended only by written agreement signed by both parties, except as otherwise provided herein."

In Paragraph 13, the parties have clearly and unambiguously agreed on an exclusive manner that the contract may be altered and modified and under Brown v. Hall, supra, this court lacks the authority to change its terms. Also Paragraph 1 of the agreement, which reads as follows:

"1. This agreement shall survive any action for divorce and decree of divorce, and shall forever be final, binding and conclusive on the parties, except as where otherwise noted, and independent legal action may be brought to enforce the terms of this agreement by either husband or wife, until it shall have been fully satisfied and performed. The consideration for this contract and agreement is the mutual benefits to be obtained by both of the parties hereto and the covenants and agreements of each of the parties to the other. The adequacy of the consideration for all agreements herein contained is stipulated, confessed and admitted by the parties, and the parties intend to be legally bound hereby. Fur-

thermore, husband and wife agree and understand that this agreement shall become an order of court at such time as, if and when a decree of divorce is granted to either party, and the parties do furthermore agree that this agreement shall be enforceable both as an order of court and also as a private contract right, which right shall not be diminished, altered or affected by subsequent order of court."

This provision of the contract not only states that it shall survive a divorce decree and be final and conclusive forever, but it also provides the remedy to be pursued by either party in case of a violation. This remedy is to bring an independent action to enforce its provisions. The filing of the counterclaim in the divorce proceedings is a violation of Paragraph 1 of the agreement.

We hold that plaintiff is entitled to injunctive relief because defendant's remedy for violation of the terms of the contract is limited to an action to enforce the terms of the agreement.

## CONCLUSIONS OF LAW

1. A separation agreement which provides settlement of all economic rights of a husband and wife is valid and legal.

2. Where the parties to a separation agreement provides that it shall survive a divorce decree and shall continue in force and effect forever, may not be altered or modified in a divorce decree.

3. Where the parties to a separation agreement agree that it may only be modified by mutual written agreement and further provides that the remedy for its violation shall be an independent action to enforce its terms, the sole remedy for a party asserting violation of the agreement is to bring an independent action to enforce the terms of the agreement.

## DECREE NISI

And now, June 11, 1985, defendant, Darline J. Cunningham, is perpetually enjoined from proceeding in the pending divorce action between the parties to proceed with its counterclaim filed to plaintiff's complaint in divorce, seeking in the divorce decree an equal distribution of marital property. It is further ordered that defendant shall have a period of 20 days from the date hereof in which to file exceptions to this decree nisi. If defendant fails to file exceptions within the time specified herein, the prothonotary is directed to enter this decree nisi as the final decree of this court.